UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JENNIFER AND KERRY LEE,  :   Hon. Joseph H. Rodriguez

    Plaintiffs,  :   Civil Action No. 15-5534

v.  :   OPINION

US BANK, N.A. AS TRUSTEE FOR CSAB :
MORTGAGE-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2006-2,  :
AMERICA'S SERVICING COMPANY,
JOHN DOE INVESTORS,  :

    Defendants.  :

This matter is before the Court on a motion to dismiss the Complaint filed by Defendants [Doc. 8]. The Court reviewed the submissions of the parties and has decided the motion on the papers pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion will be granted.

Background

Plaintiffs Jennifer and Kerry Lee owned a property located at 120 Cherokee Drive, Pemberton Township, New Jersey. They allege that Defendants wrongfully denied them a mortgage modification in violation of their contractual obligations.

Plaintiffs took out a loan on May 31, 2006 in the amount of $237,600, and executed a Note to secure that debt in favor of lender First Mutual

1

Corporation.  (Bender Cert., Ex. A.)  The promissory note was secured by a mortgage signed by Plaintiffs with Mortgage Electronic Registration Systems, Inc., as nominee for First Mutual Corporation, its successors and assigns; the mortgage was secured by the Cherokee Drive property.  (Bender Cert., Ex. B.)  On April 17, 2009, Mortgage Electronic Registration Systems, Inc., as nominee for First Mutual Corporation its successors and assigns, assigned the Plaintiffs' mortgage to Defendant US Bank National Association as Trustee for CSAB Mortgage-Backed Pass-Through Certificates Series 2006-2 ("US Bank").  (Bender Cert., Ex. C.)

Plaintiffs failed to make their monthly mortgage payments and their loan went into default on December 1, 2008.  (Bender Cert., Ex. D.)  They applied to Defendant America's Servicing Company ("ASC"), the servicing company for Defendant US Bank, for modification assistance in early 2009.  (Compl., ¶ 9.)  On November 17, 2009, Plaintiffs were provided with a Special Forbearance Agreement.  (Bender Cert., Ex. D.)  The agreement required Plaintiffs to make three monthly payments of $2,220.43 on December 10, 2009, January 10, 2010, and February 10, 2010.  (Id.; Compl., ¶ 11.)

Plaintiffs made each of those payments as well as a subsequent payment of $1,833 in March of 2010.  (Compl., ¶ 13-14.)  However, Plaintiffs were not granted a permanent loan modification.  (Compl., ¶ 15.)

Rather, U.S. Bank filed a Foreclosure Action on April 20, 2009. (Bender Cert., Ex. F.) That matter was litigated, and final judgment was entered on behalf of US Bank on April 14, 2014. (Bender Cert., Ex. G.) The Cherokee Drive property was sold at sheriff's sale on September 15, 2014. (Bender Cert., Ex. I.)

Plaintiffs filed this action in New Jersey Superior Court on March 17, 2015. Defendants removed the case to this Court on July 14, 2015. In Count One of the Complaint, Plaintiffs allege that Defendants are liable for breach of contract (the Special Forbearance Agreement) for failure to provide a loan modification. Count Two alleges consumer fraud in violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 ("NJCFA") in that Defendants made false promises regarding final modification. Counts Three, Four, and Five assert fraud, negligence, and breach of the duty of good faith and fair dealing. Count Six states that Defendants' representations under the Forbearance Agreement constituted false, deceptive, or misleading representations or means in violation of Section 807 of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e ("FDCPA").

## Applicable Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can

be granted." Fed. R. Civ. P. 12(b)(6).  A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim.  Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1]  See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  It is not necessary for the plaintiff to plead evidence.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the Court is not whether the plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1]"Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).  Accord Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citations omitted).
[2]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred.  "When a complaint pleads facts that are

4

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth). Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

---

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"" Id.

requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted).  See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## Analysis

The Special Forbearance Agreement signed by Plaintiffs provides:

> This Agreement temporarily accepts reduced installments or maintains regular monthly payments as outlined . . . below. Upon successful completion of the Agreement, your loan will not be contractually current.  Since the installments may be less than the total amount due you may still have outstanding payments and fees.  Any outstanding payments and fees will be reviewed for a loan modification.  If approved for a loan modification, based on investor guidelines, this will satisfy the remaining past due payments on your loan and we will send you a loan modification agreement.  An additional contribution may be required.

> The lender is under no obligation to enter into any further agreement, and this Agreement shall not constitute a waiver of the lender's right to insist upon strict performance in the future.

While the language in the contract provides that Defendants will review Plaintiffs' case for a loan modification, it does not promise a loan modification upon Plaintiffs' successful completion of their payment requirements. The Agreement bases approval for a loan modification on "investor guidelines," and states that *if* Plaintiffs are approved, Defendants would send Plaintiffs a separate loan modification agreement. See also Stolba v. Wells Fargo & Co., No. 10-cv-6014, 2011 WL 3444078, *3 (D.N.J. Aug. 8, 2011) ("the plain language of the relevant TPP documents makes clear that satisfying the TPP conditions for permanent modification does not guarantee that Plaintiff would receive such modification"). Plaintiffs do not dispute that Defendants did review their situation for modification, but found that Plaintiffs did not qualify, based upon investor guidelines. Accordingly, Plaintiffs have not alleged sufficient facts to state a cause of action for breach of contract.

To state a valid claim for a violation of the NJCFA, a plaintiff must allege each of the following elements: "'(1) unlawful conduct by the defendant; (2) an ascertainable loss on the part of the plaintiff;[1] and (3) a

---

[1] An ascertainable loss is a loss that is "quantifiable or measurable"; it is not "hypothetical or illusory." Lee v. Carter-Reed Co., LLC, 203 N.J. 496, 522

causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss.'" Weinberg v. Sprint Corp., 173 N.J. 233, 250 (2002).  See also Maniscalco v. Brother Int'l Corp., 627 F. Supp. 2d 494, 499 (D.N.J. 2009).  Plaintiffs have not alleged that Defendants promised to extend a loan modification agreement.  Under the terms of the Special Forbearance Agreement, approval for a permanent loan modification was tied to investor guidelines.  As such, Plaintiffs fail to allege Defendants' "unlawful conduct, which they claim encompassed an unconscionable practice or violation of law; detail material misrepresentations they reasonably relied upon resulting in damages; or proffer facts demonstrating a business practice to materially conceal information that ultimately induced them to act." Miller v. Bank of Am. Home Loan Servicing, L.P., 110 A.3d 137, 145 (N.J. Super. Ct. App. Div. 2015).

As to the remaining claims, Plaintiffs have failed to address Defendants' arguments for dismissal, so those claims will be dismissed as abandoned.

Plaintiffs will be granted leave to file a Motion to Amend the Complaint within 20 days insofar as they wish to assert claims not considered here or claims that would not be barred by the legal holdings the

---

(2010); see also Barows v. Chase Manhattan Mortgage Corp., 465 F. Supp. 2d 347, 353 (D.N.J. 2006).

Court has made herein.  See <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 245 (3d Cir. 2008) (providing that plaintiffs whose claims are subject to a Rule 12(b)(6) dismissal should be given an opportunity to amend their complaints unless amendment would be inequitable or futile).

An appropriate Order will be entered.


Dated: March 21, 2016                    /s/ Joseph H. Rodriguez
                                         JOSEPH H. RODRIGUEZ
                                                 USDJ